FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  NOV 11 2006  ★

LONG ISLAND OFFICE

06-1182M

JAP:EAG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

JESUS GARCIA-PEREZ, GUILLERMO
SANCHEZ and ARSENIO RODRIGUEZ,

        Defendants.

- - - - - - - - - - - - - - - - - - -X

<u>C O M P L A I N T</u>

(T. 21, U.S.C., § 963)

EASTERN DISTRICT OF NEW YORK, SS:

KEVIN O'MALLEY, being duly sworn, deposes and states that he is a Special Agent with Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

Upon information and belief, on or about and between November 8, 2006, and November 9, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JESUS GARCIA-PEREZ, GUILLERMO SANCHEZ and ARSENIO RODRIGUEZ did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved MDMA or "ecstasy," a Schedule I controlled substance, in violation of 21 U.S.C. § 952(a).

(Title 21, United States Code, Sections 963.)

2

The source of your deponent's information and the grounds for his belief are as follows:1/

1.   On November 8, 2006, the defendant JESUS GARCIA-PEREZ arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard American Airlines Flight No. 45 from Paris, France.

2.   During a routine Customs examination, the defendant JESUS GARCIA-PEREZ presented a suitcase for inspection, and indicated that the bag and its contents belonged to him.  An examination of the suitcase indicated that its bottom was unusually thick, and a probe of the bottom of the suitcase revealed several white pills with "pyramid" logos which field-tested positive for ecstacy.

3.   The total gross weight of the ecstacy found in the luggage of the defendant JESUS GARCIA-PEREZ was approximately 6599.3 grams.

4.   After the defendant JESUS GARCIA-PEREZ was advised of his <u>Miranda</u> rights, he waived those rights and told law enforcement officers, in sum and substance and among other things, that approximately a month earlier, he had been approached by an individual in Spain who asked the defendant JESUS GARCIA-PEREZ whether he would be willing to make a drug

---

1/    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

trip to the United States.  The defendant JESUS GARCIA-PEREZ was subsequently contacted by an individual named "Julio" in the Netherlands.  The defendant JESUS GARCIA-PEREZ agreed to make such a trip, was told that he would be paid the equivalent of 7000 Euros, and was further told that he should proceed to the Regency Hotel on 214 West 34th Street, in Manhattan, New York, and that he should contact the individual named "Julio" when he arrived at the Regency Hotel.

5.    The defendant JESUS GARCIA-PEREZ agreed to make a controlled delivery of the ecstacy by proceeding to Regency Hotel in Manhattan.  Law enforcement agents accompanied the defendant JESUS GARCIA-PEREZ to the Regency Hotel.

6.    When the defendant JESUS GARCIA-PEREZ arrived at the Regency Hotel, along with law enforcement agents, the defendant JESUS GARCIA-PEREZ made a consensually monitored call to "Julio" in the Netherlands.  The individual called "Julio" told the defendant JESUS GARCIA-PEREZ that another individual would contact the defendant JESUS GARCIA-PEREZ and would give the defendant JESUS GARCIA-PEREZ his payment for the drug trip.

7.    As expected, on or about November 9, 2006, an individual later identified as the defendant GUILLERMO SANCHEZ called the defendant JESUS GARCIA-PEREZ.  During that telephone call, which was also consensually monitored by law enforcement agents, the defendant GUILLERMO SANCHEZ told the defendant JESUS

4

GARCIA-PEREZ that the defendant GUILLERMO SANCHEZ was going to pick up the defendant JESUS GARCIA-PEREZ from the Regency Hotel and that the defendant GUILLERMO SANCHEZ would call him when he was closer to the hotel. Subsequently on or about November 9, 2006, the defendant JESUS GARCIA-PEREZ received a second telephone call from the defendant GUILLERMO SANCHEZ, also consensually monitored by law enforcement agents. During that telephone call, the defendant GUILLERMO SANCHEZ asked the defendant JESUS GARCIA-PEREZ for his description and told him to meet the defendant GUILLERMO SANCHEZ outside of a Popeyes Restaurant located approximately next to the Regency Hotel.

8.    The defendant JESUS GARCIA-PEREZ proceeded to the Popeyes Restaurant, where the defendant GUILLERMO SANCHEZ approached him. The defendants JESUS GARCIA-PEREZ and GUILLERMO SANCHEZ then proceeded to walk up and down West 34th Street, entering and exiting several stores, which based on my experience is consistent with a conscious attempt to avoid surveillance by law enforcement agents. After approximately fifteen minutes of walking up and down West 34th Street, the defendant JESUS GARCIA-PEREZ and GUILLERMO SANCHEZ entered a white four-door sedan with New York tags parked along 34th Street. Law enforcement agents then arrested the defendants JESUS GARCIA-PEREZ and GUILLERMO SANCHEZ, as well as the defendant ARSENIO RODRIGUEZ, who was

5

driving the above-mentioned white sedan. The white sedan was registered to the defendant ARSENIO RODRIGUEZ.

9. Both the defendants GUILLERMO SANCHEZ and ARSENIO REDRIGUEZ were advised of their Miranda rights, which they both waived. The defendant GUILLERMO SANCHEZ informed law enforcement agents, in sum and substance, that approximately three weeks earlier, the defendant ARSENIO RODRIGUEZ had asked him to accompany him to a hotel where they would together pick up an individual arriving from Spain. The defendant GUILLERMO SANCHEZ further stated, in sum and substance, that on November 8, 2006, the defendant ARSENIO RODRIGUEZ had told him that the pickup would occur on the following day, November 9, 2006. The defendant GUILLERMO SANCHEZ further stated, in sum and substance, that the defendant ARSENIO RODRIGUEZ also told him that when he called the individual arriving at the Regency Hotel, the defendant GUILLERMO SANCHEZ should tell that individual that the defendant GUILLERMO SANCHEZ would be arriving at the Regency Hotel in a black Ford Explorer with New Jersey tags. Additionally, the defendant GUILLERMO SANCHEZ admitted, in sum and substance, to law enforcement agents that he knew that he was involved in "something bad" and that he suspected that he was involved with drugs and expected to be paid for his contribution.

10. The defendant GUILLERMO SANCHEZ further told law enforcement agents, in sum and substance, that the defendant

6

ARSENIO RODRIGUEZ had called him approximately every two minutes during the time that the defendants GUILLERMO SANCHEZ and JESUS GARCIA-PEREZ walked along West 34th Street. Both the defendants GUILLERMO SANCHEZ and ARSENIO RODRIGUEZ consented to a search of their respective cellular phones that they were carrying. The search confirmed that during the time that the defendants GUILLERMO SANCHEZ and JESUS GARCIA-PEREZ walked along West 34th Street, the defendant ARSENIO RODRIGUEZ called the defendant GUILLERMO SANCHEZ five times during a span of nine minutes.

10. The defendant ARSENIO RODRIGUEZ told law enforcement agents, in sum and substance, that he had never before been involved in drugs. He subsequently stated, in sum and substance, that sometime last year he had been arrested in Queens, New York for being in a car with drugs. The defendant ARSENIO RODRIGUEZ further stated, in sum and substance, that the defendant GUILLERMO SANCHEZ asked him on the morning of November 9, 2006, to pick up an individual at a hotel. The defendant ARSENIO Rodriguez next stated, in sum and substance, that on the night of November 8, 2006, the defendant GUILLERMO SANCHEZ had asked him to pick up an individual at a hotel. The defendant ARSENIO RODRIGUEZ then stated, in sum and substance, that approximately three months earlier, the defendant GUILLERMO SANCHEZ had asked him to pick up an individual arriving from Spain.

7

WHEREFORE, your deponent respectfully requests that the defendants JESUS GARCIA-PEREZ, GUILLERMO SANCHEZ and ARSENIO RODRIGUEZ be dealt with according to law.

KEVIN O'MALLEY
Special Agent
U.S. Immigration and Customs
Enforcement

Sworn to before me this
11th Day of November, 2006

/s/ E. Thomas Boyle, MJ

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK